IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVIE HARRISON, SR., §
 §
Plaintiff, §
 §
V. § No. 3:17-CV-2082-D
 §
BAYLOR UNIVERSITY MEDICAL §
CENTER AT DALLAS, ET AL., §
Defendants. §

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff Davie Harrison, Sr., filed this complaint under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and various state laws. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Baylor University Medical Center at Dallas, Baylor Scott and White, Dr. Sarah Anne Chang, Dr. Joshua Alexis Lemmon, Dr. Paul Edward Gray, Jr., Sean Danial Arredondo, Dr. Paul Danial Edward, and Dr. Jon Wendell Harris. The Court has not issued process pending preliminary screening.

Plaintiff states he was admitted to Baylor Hospital on June 11, 2015, for acute renal failure. He states he was in the hospital for two months. Plaintiff alleges that during his hospital

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**   Page -1-

stay Dr. Chang, Sean Danial Arredondo, Dr. Gray and Dr. Paul Edward performed a tracheostomy on him that was unnecessary. He states the Defendants requested permission from a family member to perform the tracheostomy, but that the family member was not his agent. He states the tracheostomy caused him further medical complications and has shortened his life. He also claims his hand was injured by hospital restraints and a hospital mitten, but that Dr. Lemmon lied and said the hand injury was caused by gout. Plaintiff claims Defendants conspired to harm him and falsified medical records. He also states Sean Danial Arredondo was a not a licensed doctor, and that Arredondo should not have performed any procedures on him. He claims Defendants' actions violated his constitutional rights, the ADA, and various state laws. He seeks money damages.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

1. **Color of Law**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show Defendants acted under color of state law. He has sued private hospitals and hospital employees Plaintiff's claims under § 1983 should be dismissed.

2. **Americans with Disabilities Act**

Plaintiff claims Defendants violated the ADA when they provided thirty minutes notice that he was being discharged from the hospital and transferred to the Downtown Health and Rehabilitation Center in Fort Worth, Texas. He also states "there is a reasonable deduction that race played a major role" in his discharge. (ECF No. 3 at 18.)

Plaintiff does not explain how the discharge notice violated the ADA. His racial discrimination claim is also wholly conclusory. These claims should be dismissed.

3.   **State Law Claims**

Plaintiff claims Defendants violated various state laws. The Court recommends that these claims be dismissed without prejudice to Plaintiff raising the claims in state court.

IV.

The Court recommends that Plaintiff's state law claims be dismissed without prejudice and that Plaintiff's remaining claims be dismissed with prejudice under 28 U.S.C. § 1915(e).

Signed this 2 day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).