IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVIE HARRISON, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-cv-2082-D (BT) |
| | § | |
| BAYLOR UNIVERSITY MEDICAL | § | |
| CENTER, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Davie Henderson, Sr.'s Rule 60(b) Motion challenging the dismissal of his complaint. (ECF No. 11.) For the reasons stated, the Court should DENY the Motion.

I.

On August 7, 2017, Plaintiff filed a civil complaint under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and various state laws. He named as Defendants Baylor University Medical Center at Dallas, Baylor Scott and White, Dr. Sarah Anne Chang, Dr. Joshua Alexis Lemmon, Dr. Paul Edward Gray, Jr., Sean Danial Arredondo, Dr. Paul Danial Edward, and Dr. Jon Wendell Harris.

Plaintiff claimed that on June 11, 2015, he was admitted to Baylor Hospital for acute renal failure and was in the hospital for two months. He alleged that during his hospital stay Dr. Chang, Sean Danial Arredondo, Dr. Gray and Dr. Paul Edward performed a tracheostomy on him that was unnecessary. He stated Defendants requested permission from a family member to perform the

tracheostomy, but that the family member was not his agent. He claimed the tracheostomy caused him further medical complications and has shortened his life. He also claimed his hand was injured by hospital restraints and a hospital mitten, but that Dr. Lemmon lied and said the hand injury was caused by gout. Plaintiff claimed Defendants conspired to harm him and falsified medical records. He also stated Sean Danial Arredondo was a not a licensed doctor, and that Arredondo should not have performed any procedures on him. He argued Defendants' actions violated his constitutional rights, and he requested money damages.

On October 30, 2017, the district court dismissed Petitioner's § 1983 claims because Petitioner failed to show that any Defendant acted under color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988) (stating that to obtain relief under 42 U.S.C. § 1983, a plaintiff must prove (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law). The court further dismissed as conclusory Plaintiff's claims under the ADA. Finally, the district court dismissed Plaintiff's state law claims without prejudice to Plaintiff raising his claims in state court.

One year later, one October 30, 2018, Plaintiff filed a motion under Fed. R. Civ. P. 60(b)(1) and (b)(3)-(6) to set aside the judgment dismissing his claims.

II.

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment, order, or proceeding:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "[R]elief under Rule 60(b) is considered an extraordinary remedy . . . and the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (internal quotation marks and brackets omitted).

The burden of establishing at least one of the Rule 60(b) requirements is on Plaintiff as the movant, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n. 14 (5th Cir.1994) (en banc).

III.

The Court finds that, even when liberally construed in light of his *pro se* status, Plaintiff's motion does not meet the standards of any provision of Rule 60(b). Plaintiff fails to establish any mistake, inadvertence, surprise, or excusable neglect that warrants relief from judgment under Rule 60(b)(1); nor does he point to any fraud misrepresentation, or misconduct by an opposing party that would entitle him to relief under Rule 60(b)(3). Plaintiff fails to show the judgment is void, that it has been satisfied, released or discharged, or that it is based on an earlier judgment that has been reversed or vacated, such that relief under Rule 60(b)(4) or (b)(5) is appropriate. Plaintiff further fails to identify any "extraordinary circumstances" that justify relief under the "catch-all" provision, Rule 60(b)(6).

Rather, Plaintiff objects to the court's analysis dismissing his claims and urges the court to reconsider its decision. For example, Plaintiff argues his § 1983 claims should not have been dismissed because the Defendants violated his constitutional rights. Plaintiff, however, again fails to allege any facts showing that Defendants acted under color of state law.

Plaintiff also urges reconsideration of his claims under the ADA. In his complaint, Plaintiff alleged Defendants violated the ADA when they provided thirty minutes notice that he was being discharged and referred for rehabilitation. He also stated "there is a reasonable deduction that race played a

major role" in his discharge. (ECF No. 3 at 18.) In Plaintiff's Rule 60(b) motion, he fails to add any facts supporting these claims.

Finally, Plaintiff objects that his state law claims were dismissed without prejudice to his raising these claims in state court. In his Rule 60(b) motion Plaintiff argues dismissal of his claims was erroneous because his claims have merit. The court's dismissal of Plaintiff's complaint, however, did not address the merits of any state claim against Defendants, and the dismissal did not prevent Plaintiff from pursuing these claims in state court.

IV.

Because Plaintiff has failed to show he is entitled to relief under Rule 60(b), the Court recommends that his Motion to Set Aside the Judgment (ECF No. 11) be DENIED.

Signed December 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).